**Donald G. TARTSAH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17893.**

Court of Criminal Appeals of Oklahoma.

May 4, 1973.

Quinton R. Tipton, Carnegie, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Donald G. Tartsah, hereinafter referred to as defendant, was convicted in the District Court of Caddo County, Case No. CRF–71–117, for the crime of Receiving Stolen Property. He was given a two (2) year suspended sentence. On June 8, 1972, after a hearing before the District Court of Caddo County, defendant's suspended sentence was revoked and he was ordered to begin serving his two (2) year sentence in the state penitentiary. A timely appeal has been perfected to this Court from said Order revoking defendant's suspended sentence.

At the revocation of suspended sentence proceeding the State established that the defendant pled guilty in Municipal Court in Anadarko, Oklahoma, and was fined Twenty Dollars ($20.00) for the following offenses: (A) Giving false information to a policeman; (B) being a public drunk; and (C) disturbing the peace. The dispositions of the above cases were subsequent to the suspended sentence given in connection with defendant's conviction of Receiving Stolen Property. It was not clearly established from the record that the defendant was given adequate advisement of his right to plead not guilty or adequate advisement of his right to assistance of counsel. It was further established that defendant was in possession of a stolen motor vehicle subsequent to his suspended sentence and that defendant escaped from a city work detail in Anadarko, Oklahoma.

Defendant stated that the pleas of guilty given for the above municipal violations were given not because he was in fact guilty, but for expediency reasons. According to defendant, a plea of guilty resulted in a fine only whereas a plea of not guilty would result in confinement. Defendant further stated that he did not know that the vehicle he possessed was stolen. When asked to justify his unauthorized departure from the city work detail defendant stated that he "just felt like going off". Defendant further admitted being in a fight but contended it was only to assist a third party. Defendant stated that he did consume intoxicating liquor and that he did get drunk at times.

The only proposition of error asserted by defendant is that the order of the trial court revoking the suspended sentence of the defendant is not supported by sufficient evidence and is contrary to law. It should be noted that defendant's suspended

sentence was made subject to seven conditions including, but not limited to: (A) "That defendant shall refrain from violation of any city, state or federal law"; (B) "That defendant shall not use intoxicating liquor or beer in any form"; and (C) "That said defendant shall conduct himself in all respects as a good and law-abiding citizen." Title 22, § 991b provides in relevant part:

"Whenever a sentence has been suspended by the court after conviction of a person for any crime, the suspended sentence of said person may not be revoked, in whole or in part, for any cause unless competent evidence justifying the revocation of said suspended sentence is presented to the court at a hearing to be held for that purpose. \* \* \*"

At the revocation hearing, the trial court found from competent evidence that the defendant "has failed to abide by the conditions of his suspended sentence in the Judgment and Sentence by the Court, in that he has violated the laws of the State of Oklahoma since said judgment and sentence was pronounced." The trial court was thoroughly warranted in his findings.

At the hearing, the State undertook to prove that subsequent to the suspended sentence of January 12, 1972, the defendant had pled guilty to violation of certain ordinances in the City Court of Anadarko, Oklahoma, the regularity of which is questioned, but these violations were not the basis of the trial court's revocation.

Defendant was advised and was aware at the time of his suspended sentence that he had to follow a stringent code of conduct. We are of the opinion that the trial court adhered to the requirements of 22 O.S., § 991b and that under the circumstances defendant failed to live up to the conditions of his suspended sentence.

For all of the reasons above set forth, the Order appealed from revoking suspended sentence of the defendant is affirmed.

BUSSEY and BRETT, JJ., concur.